The People of the State of New York ex rel. Burdette G. Brown, Appellant, v. Robert M. Elliott, M. D., Superintendent of Willard State Hospital, Respondent.— Appeal dismissed, without costs, as academic. Memorandum: In view of the undisputed suggestion upon the record that relator has been discharged from custody, the matter has become academic and the appeal is, therefore, dismissed, without costs. All concur. Present — Sears, P. J., Edgcomb, Lewis, Cunningham and Taylor, JJ.

Peter Zetes, Appellant, v. Union Carbide Company, Respondent.— Motion for a reargument denied, with ten dollars costs; motion for leave to appeal to the Court of Appeals denied. Present — Edgcomb, Crosby, Lewis, Cunningham and Taylor, JJ.

### (November 23, 1937.)

In the Matter of the Estate of Matilda Davison, Deceased.
John Walker Davison, as Administrator, etc., of Matilda Davison, Deceased, Petitioner, Respondent; Theresa Clark, Appellant.

Memorandum. The practice in this case is extremely irregular. No answer seems to have been filed to the petition for discovery but there is a recital in the order of the surrogate that the petition was traversed and the parties proceeded as though there were an answer. After the close of the proceeding no decision was signed by the surrogate as required by section 71 of the Surrogate's Court Act and an order instead of a decree was entered. As no objection is made by the parties to this irregular procedure, we treat this case as though an answer has been filed, putting in issue the allegations of the petition, and as though there had been a decision rendered and as though the order were a decree. Having gone to this extreme length to hear this appeal, we reach the conclusion that the order (decree) was erroneous: *first*, in finding that the fur coat had been possessed by the appellant, of which we find no evidence; *second*, in finding that the fifty dollars collected by friends of the intestate and delivered to Mrs. Clark to use for funeral expenses, etc., was the property or ever in the possession of the intestate, of which we find no evidence; and *third*, in finding that the rings in question as between the intestate and the appellant were the property of the intestate at the time of her death, and in this respect we expressly find that the rings were given by the intestate to Mrs. Clark during the lifetime of the intestate. This gift, which we find is established, does not prevent the administrator in his personal capacity from pursuing any right he may have as pledgor of one of the rings.

All concur. Present — Sears, P. J., Edgcomb, Crosby, Cunningham and Taylor, JJ.

Order reversed, with costs, payable out of the estate, and matter remitted to the Surrogate's Court, to enter a decree in accordance with the memorandum.